UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ACQIS LLC,<br>a Texas limited liability company,<br><br>              Plaintiff,<br><br>   v.<br><br>ASUSTEK COMPUTER, INC., et al.,<br><br>              Defendants. | **JURY TRIAL DEMANDED**<br><br>Civil Action No. 6:20-cv-00966-ADA |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS IN LIMINE TO:**

**(1) PRECLUDE ACQIS FROM REFERRING TO OR TREATING ANY COMBINATIONS OF ASUSTEK, ASGL, AND/OR ACI COLLECTIVELY OR JOINTLY AS A SINGLE ENTITY; AND**

**(2) PRECLUDE ACQIS'S EXPERTS FROM OFFERING OPINIONS ON THE LAW**

I.     **THE COURT SHOULD DENY DEFENDANTS' MIL 1**

Defendants seek to prevent reference to ASUS entities in the collective under *any* circumstances. But, especially in light of ACQIS's alter-ego theory, there are instances when it will be warranted to refer to the ASUS entities collectively. MIL 1 seeks to hamstring ACQIS's ability to pursue its alter-ego and agency theories even though Defendants' motion for partial summary judgment of no alter-ego theory (Dkt. 182) was denied. MIL 1 is, in effect, a proxy effort to preclude ACQIS from proving essential elements to these theories and showing the jury how the ASUS entities hold themselves out publicly as a unified front. A blanket prohibition is too extreme and should be denied.

ACQIS does not intend to merely refer to any combination of Defendants and/or ACI as a single entity as a matter of course. ACQIS intends to be precise. When referring to the individual actions of an individual entity (*i.e.*, ASUSTeK, ASGL, or ACI), ACQIS will refer to that entity by name. But Defendants hold themselves out as a single entity to the public: "ASUS" or the "ASUS Group" – monikers referring to an amalgam of Defendant ASUSTeK Computer Inc. **and** its subsidiaries. For example, ASUSTeK's 2020 Letter to Shareholders references "ASUS" 23 times and "ASUS Group" once." (Ex.[1] 1 at 1-3.) The Report's company timeline contains consistent references to "ASUS" and several to "ASUS Group." (*Id.* at 5-26.) In fact, all six available ASUS annual reports from 2017-2022 favor "ASUS" and "ASUS Group" over "ASUSTeK" in the same way.[2] And Defendants' shared website, ASUS.com is the same, such as how their five "Brand Story" pages all consistently refer to the collective "ASUS."[3]

---

[1] All citations to "Ex." are to Exhibits attached to the Declaration of Elliot Hales, filed herewith.

[2] *See* https://www.asus.com/EVENT/Investor/ir_report; *see also* Ex. 2 (excerpts from 2019 Annual Report).

[3] *Compare* https://www.asus.com/in/About_ASUS/Company-Introduction/,

1

ACQIS must not be held to a higher standard than what Defendants represent to the public. Where Defendants already refer to themselves collectively, or when appropriate based on evidence, ACQIS intends to refer to ASUS entities collectively as "ASUS" or "ASUS Group".[4] There is nothing prejudicial about referring to Defendants the same way they refer to themselves and how they operate (*e.g.*, ███████████████████████████), either publicly or through their corporate representatives' testimony (*see generally* Dkt. 204 (citing such evidence in opposition to Defendants' motion for partial summary judgment of no alter ego theory)), and none of Defendants' cases support otherwise. ACQIS should be permitted to show such evidence and to make arguments about it in support of its alter ego and agency theories.

Granting Defendants' motion would severely hamper two of ACQIS's liability theories (alter ego and agency) by prohibiting accurate portrayal of evidence and argument of collective activity by either Defendants alone or together with wholly-owned domestic subsidiary ACI, even though the Court denied Defendants' partial summary judgment motion on the issue of no alter ego liability. (*See* Dkt. 182) Granting MIL 1 would incentivize litigants such as Defendants to operate and publicly hold themselves out as a single entity when it suits them and as separate entities when it does not. They should not be allowed to pick and choose.

## II.   THE COURT SHOULD DENY DEFENDANTS' MIL 2

ACQIS has no plans to have any of its experts offer opinions on the law, which effectively renders MIL 2 moot. Such testimony is already inadmissible, as shown by the fact that none of the courts in the cases cited by Defendants granted a MIL precluding experts from opining on the

---

https://www.asus.com/in/About_ASUS/Origin-of-the-Name-ASUS/,
https://www.asus.com/in/About_ASUS/Marks_in_History_ASUS_Notebooks/,
https://www.asus.com/in/About_ASUS/Marks_in_History_ASUS_Motherboards/ (refers only to "ASUS") *with* https://www.asus.com/in/About_ASUS/Brand-Promise/ (three references to "ASUS").

[4] ACQIS may also refer to both Defendants collectively as "Defendants," when warranted.

law.  (*See* Dkt. 269 at 3-4.)  If any expert's testimony (for either side) improperly veers toward opinions on the law, this Court can strike such testimony at trial.

Defendants' unnecessary MIL 2 is actually more akin to a *Daubert* motion.  Defendants attempt to preclude ACQIS's technical expert, Dr. Nabil Sarhan, from being able to rebut and explain his disagreement with the analysis of Defendants' technical expert, Dr. Stephen Edwards.  The only statements from Dr. Sarhan's report to which Defendants expressly object are in paragraphs 238 and 246 of that report.  (Dkt. 269-4.)  Those paragraphs contain no legal analysis, no case citations, and no legal conclusions.  Instead, those paragraphs explain Dr. Sarhan's understanding of the law[5] and rebut Dr. Edwards's "legal standard and the method in which he applied it," which courts in this Circuit have held to be permissible.  *Huawei Techs. Co. v. Huang*, No. 4:17-CV-00893, 2019 U.S. Dist. LEXIS 78765, at *33-34 (E.D. Tex. May 9, 2019) (holding that plaintiff's expert could rebut method employed by defendants' expert); *Am. Can! v. Arch Ins. Co.*, 597 F. Supp. 3d 1038, 1048 (N.D. Tex. 2022) (same).  A rebuttal expert must have the ability to criticize an opposing expert's failure to understand and properly apply the correct standard, and applying the correct standard is fundamental to relevant and reliable expert testimony.  *Luitpold Pharms., Inc. v. ED. Geistlich Sohne A.G. Fur Chemische Industrie*, No. 11-cv-681 (KBF), 2015 U.S. Dist. LEXIS 123591, at *32 (S.D.N.Y. Sep. 16, 2015) ("A rebuttal expert, by nature, criticizes the methodology and/or opinions of another.").

---

[5] Dr. Sarhan obtained his understanding from counsel.  (Ex. 4 (June 12, 2023 Rebuttal Expert Report of Nabil J. Sarhan, Ph.D. ¶ 20; Dkt. 269-4 ¶¶ 241, 242.); *see also Skyhook Wireless, Inc. v. Google, Inc.*, 159 F. Supp. 3dd 144, 154 n. 9 (D. Mass. 2015) (finding expert's explanation of "the understanding of the law that led him to form [his] opinion" to be appropriate); *Boston Sci. Corp. v. Cook Med. LLC*, 2023 U.S. Dist. LEXIS 17482, at *21 (S.D. Ind. Feb. 2, 2023) ("[T]here is a difference between opining on a legal issue and simply relying on legal standards to produce a proper, admissible expert opinion.").

3

Defendants attack Dr. Sarhan for stating his "understanding" of the law and asserting that Dr. Edwards's methodology is contrary to the legal standard (Dkt. 269 at 3), even though their own experts' reports contain the same sort of language.[6]  *See Beneplace, Inc. v. Pitney Bowes, Inc.*, No. A-15-CV-65-LY-ML, 2016 U.S. Dist. LEXIS 196670, at *11-12 (W.D. Tex. Sep. 20, 2016) ( "Defendants appear to want to have their cake and eat it too.").  These sorts of legal underpinnings are run-of-the mill and, unless expanded to an opinion on the law, should not be excluded.

Defendants also seek to exclude certain testimony of Justin Lewis, claiming that he intends to testify that license agreements executed after the date of the hypothetical negotiation are "typically" not considered based on his "understanding of the case law." (Dkt. 269 at 4.)  Mr. Lewis never expressed this belief or intention, and the phrase "understanding of the case law" does not appear in his responses in the deposition transcript.  Rather, when Defendants' counsel directly asked Mr. Lewis about his understanding of the case law (Dkt. 269-2 at 167:13-17.), Mr. Lewis testified to the opposite of what Defendants claim: "I didn't say they couldn't be considered at all" (*id.* at 18-19).  Mr. Lewis's testimony regarding the weighing different kinds of evidence was far more nuanced, and he consistently testified that post-hypothetical negotiation evidence should be considered.  (*See, e.g., id.* at 168:9-10, 169:5-170:3.)  None of Defendants' reasons to preclude any of Mr. Lewis's testimony withstand scrutiny.

Defendants' objections would be much better handled at trial in the unlikely event an expert attempts to opine on the law.

---

[6] *See, e.g.*, Ex. 3 (Edwards Expert Report) ¶ 211 ("I further understand that claims directed to an invention that is distinct from that disclosed in the specification do not satisfy the written descripted requirement"), ¶ 228 ("I understand that to be enabling, the specification of a patent must teach those skilled in the art how to make and use the full scope of the claimed invention without 'undue experimentation.'").

4

Dated: September 8, 2023        Respectfully submitted,

By:   /s/ *Elliot J. Hales*
Paige Arnette Amstutz
State Bar No. 00796136
**SCOTT DOUGLASS & MCCONNICO, LLP**
303 Colorado Street, Suite 2400
Austin, Texas 78701
Telephone: (512) 495-6300
Facsimile: (512) 495-6399
Email: pamstutz@scottdoug.com

Case Collard (*Admitted*)
Gregory S. Tamkin (*pro hac vice*)
**DORSEY & WHITNEY LLP**
1400 Wewatta Street, Suite 400
Denver, Colorado 80202
Telephone: (303) 629-3400
Facsimile: (303) 629-3450
Email: collard.case@dorsey.com
Email: tamkin.greg@dorsey.com

Mike Stinson (*pro hac vice*)
**DORSEY & WHITNEY LLP**
50 South Sixth Street
Minneapolis, MN 55402
Telephone:  (612) 340-2600
Facsimile:  (612) 340-2868
Email:  forrest@dorsey.com
Email: stinson.mike@dorsey.com

Mark Miller (*Admitted*)
Elliot J. Hales (*Admitted*)
**DORSEY & WHITNEY LLP**
111 South Main Street, 21st Floor
Salt Lake City, Utah 84111
Telephone: (801) 933-7360
Facsimile: (801) 933-7373
Email: mark.miller@dorsey.com
Email: hales.elliot@dorsey.com

Madeline Hepler (*pro hac vice*)
Ryan Meyer (*pro hac vice*)
Robert J.M. Lee (*pro hac vice*)
**DORSEY & WHITNEY LLP**
701 Fifth Avenue, Suite 6100

5

Seattle, WA 98104<br>
(206) 903-8768<br>
Fax: (206) 260-9141<br>
Email: hepler.madeline@dorsey.com<br>
Email:meyer.ryan@dorsey.com

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on September 8, 2023, all counsel of record who have appeared in this case are being served with a copy of the foregoing via electronic mail.

/s/ *Vanessa Thompson*
Vanessa Thompson