08:14

1           IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF TEXAS
2                  WACO DIVISION

3 ACQIS LLC               *
                     *   March 22, 2024
4 VS.                 *
                     * CIVIL ACTION NO. 6:20-CV-966
5 ASUSTEK COMPUTER, INC.  *
  ASUS GLOBAL PTE. LTD.   *

6           BEFORE THE HONORABLE ALAN D ALBRIGHT
7              JURY TRIAL PROCEEDINGS
               Volume 5 of 5
8
  APPEARANCES:
9
10 For the Plaintiff:   Case L. Collard, Esq.
                   Gregory S. Tamkin, Esq.
                   Dorsey & Whitney LLP
11               1400 Wewatta Street, Suite 400
                   Denver, CO 80202
12
                   Madeline Hepler, Esq.
13               Dorsey & Whitney LLP
                   701 5th Ave, Suite 6100
14               Seattle, WA 98104

15               Elliot J. Hales, Esq.
                   Dorsey & Whitney LLP
16               111 S. Main Street, Suite 2100
                   Salt Lake City, UT 84111
17
                   Paige Arnette Amstutz, Esq.
18               Scott, Douglass & McConnico, LLP
                   303 Colorado Street, Suite 2400
19               Austin, TX 78701

20 For the Defendants: Eric A Buresh, Esq.
                   Mark C. Lang, Esq.
21               Michelle L. Marriott, Esq.
                   Erise IP, PA
22               7015 College Boulevard
                   Overland Park, KS 66211
23
                   James Travis Underwood, Esq.
24               Gillam & Smith
                   102 N. College, Suite 800
25               Tyler, TX 75702

1206

1    Court Reporter:        Kristie M. Davis, CRR, RMR
                            PO Box 20994
2                           Waco, Texas 76702-0994
                            (254) 340-6114
3

4      Proceedings recorded by mechanical stenography,

5    transcript produced by computer-aided transcription.

10:23   8

—1207—

| | | |
|---|---|---|
| 10:23 | 1 | (Hearing begins.) |
| 10:23 | 2 | THE COURT:  Jury Note No. 3:  In simple |
| 10:23 | 3 | terms, what is the difference between direct and |
| 10:23 | 4 | indirect infringement?  The word "induce" is confusing |
| 10:24 | 5 | to us. |
| 10:24 | 6 | I am responding:  Ladies and gentlemen, |
| 10:24 | 7 | you have the Court's instructions on the law which |
| 10:24 | 8 | explain these terms.  Please continue to deliberate. |
| 10:26 | 9 | (Recess taken.) |
| 11:32 | 10 | THE COURT:  What's up? |
| 11:32 | 11 | MR. TAMKIN:  Your Honor, in looking at |
| 11:32 | 12 | the jury verdict form, we've noticed a potential |
| 11:32 | 13 | mistake in the instructions part of it, which is at the |
| 11:32 | 14 | end of the alter ego section, there is a question that |
| 11:32 | 15 | says if you answer no to all the alter ego questions, |
| 11:32 | 16 | go to the end and you're done. |
| 11:32 | 17 | However, if the jury finds infringement |
| 11:32 | 18 | for ASGL, then there would still need to be questions |
| 11:32 | 19 | on notice, damages, et cetera. |
| 11:32 | 20 | So right now I have no idea where the |
| 11:32 | 21 | jury's going to come out on any of this, obviously.  It |
| 11:32 | 22 | may not be an issue that comes up at all, but |
| 11:32 | 23 | theoretically, the jury could answer infringement or |
| 11:32 | 24 | indirect infringement for ASGL, answer no for agency or |
| 11:32 | 25 | alter ego and then be done. |

| | | |
|---|---|---|
| 11:33 | 1 | At that point we would -- that would be |
| 11:33 | 2 | an unusual situation where we would think the approach |
| 11:33 | 3 | would have to be that the jury still needs to answer |
| 11:33 | 4 | those questions with respect to ASGL, and we'd need to |
| 11:33 | 5 | ask them to do that. |
| 11:33 | 6 | Another alternative would be to, you |
| 11:33 | 7 | know, pull out that instruction page from the verdict |
| 11:33 | 8 | form. I don't know that that's necessary at this time, |
| 11:33 | 9 | but I wanted to at least raise this with the Court when |
| 11:33 | 10 | we spotted this -- this probably error in the |
| 11:33 | 11 | instruction -- in the instructions part of the verdict |
| 11:33 | 12 | form. |
| 11:33 | 13 | THE COURT: A lesser person -- not me, |
| 11:33 | 14 | but a lesser person would point out that I told you all |
| 11:33 | 15 | that -- to be very careful with the verdict form |
| 11:33 | 16 | because I don't go over the verdict form after the |
| 11:33 | 17 | charge conference. And so if there's a problem with |
| 11:33 | 18 | it, it's really bad if it surfaces once the jury has |
| 11:33 | 19 | it. So I wouldn't say that. Only someone -- a lesser |
| 11:34 | 20 | person would say it. |
| 11:34 | 21 | So what is your suggestion? |
| 11:34 | 22 | MR. TAMKIN: I think we should just pull |
| 11:34 | 23 | it out now. |
| 11:34 | 24 | THE COURT: Pull out -- |
| 11:34 | 25 | MR. TAMKIN: Pull out the instruction, |

—1209—

| | | |
|---|---|---|
| 11:34 | 1 | say that instruction that follows -- it's on Page 6 -- |
| 11:34 | 2 | should -- was inadvertent and shouldn't be there. |
| 11:34 | 3 | THE COURT:  And the response from the |
| 11:34 | 4 | defendant? |
| 11:34 | 5 | MR. BURESH:  Your Honor, I'm trying to -- |
| 11:34 | 6 | I'm not 100 percent convinced whether there's an error |
| 11:34 | 7 | on this or not.  Honestly, I'm trying to process it. |
| 11:34 | 8 | But regardless, I don't think you can |
| 11:34 | 9 | pull the verdict form that you've already given to the |
| 11:34 | 10 | jury out of the jury room.  It's -- they're in |
| 11:34 | 11 | deliberations.  So I think the chips have to fall where |
| 11:34 | 12 | they are at this point. |
| 11:34 | 13 | THE COURT:  So let me put on the record. |
| 11:34 | 14 | I have -- in one time in the past, when the -- when one |
| 11:34 | 15 | of the parties prepared the verdict form for the jury, |
| 11:34 | 16 | they failed to include a portion of it that everyone |
| 11:35 | 17 | agreed should be in there, and so we added that. |
| 11:35 | 18 | That's another thing. |
| 11:35 | 19 | But the jury's now been deliberating for |
| 11:35 | 20 | six hoursish.  And they have the jury form.  On top of |
| 11:35 | 21 | that, we know from their question, they're already |
| 11:35 | 22 | having a hard time with it. |
| 11:35 | 23 | So I'm just -- I'm not going to do |
| 11:35 | 24 | anything.  They have the form they have.  I think to go |
| 11:35 | 25 | in and interlineate or pull a page or do whatever would |

—1210—

11:35    1    only make whatever the situation is worse.  And so

11:35    2    we're stuck with the verdict form we have.

11:35    3                So that's what we're going to do.  That's

11:35    4    what I'm going to do.  If you'd like to put an

11:35    5    objection on the record to me doing that, that's

11:35    6    obviously your right.  I think you've made the record

11:35    7    of what you'd like to do.  And so -- and I'm denying

11:35    8    that request.

11:36    9                If there's anything else you want to add

11:36   10    to protect your record -- I don't give advice on how to

11:36   11    protect your record.  I'll give you whatever

11:36   12    opportunity you want.  I just don't know --

11:36   13                MR. TAMKIN:  There is something I would

11:36   14    like to put on the record, Your Honor, which is this

11:36   15    problem can be solved another way if in the situation

11:36   16    comes out where there's infringement, direct or

11:36   17    indirect, by ASGL and the jury doesn't answer the

11:36   18    remaining questions, that would be an error.

11:36   19                At that point in time, I believe the

11:36   20    Court can give -- can send the jury back to answer the

11:36   21    remaining questions, and I would request that the Court

11:36   22    do that.  But that's --

11:36   23                THE COURT:  Well, if that happens, let's

11:36   24    take it up.

11:36   25                MR. TAMKIN:  Fair.

—1211—

| | | |
|---|---|---|
| 11:36 | 1 | THE COURT:  If that happens and |
| 11:36 | 2 | they're -- then I'll take it up.  We'll have to figure |
| 11:36 | 3 | out what to do. |
| 11:36 | 4 | MR. TAMKIN:  And I just wanted really to |
| 11:36 | 5 | alert the Court to that issue. |
| 11:36 | 6 | THE COURT:  Thank you.  I think that's |
| 11:36 | 7 | fair. |
| 11:36 | 8 | Anything else? |
| 11:36 | 9 | MR. BURESH:  Nothing here, Your Honor. |
| 11:36 | 10 | THE COURT:  Okay.  They've ordered lunch. |
| 11:37 | 11 | So I'm going to go out to lunch.  I'll probably be gone |
| 11:37 | 12 | from 12:00 to 1:00. |
| 11:37 | 13 | You all are free to be gone because I'm |
| 11:37 | 14 | not going to be here to answer any notes, if they have |
| 11:37 | 15 | any.  And so -- and I will probably let them know that |
| 11:37 | 16 | I'm not going to be here for that hour.  And we'll be |
| 11:37 | 17 | back around 1:00 or 1:15. |
| 11:37 | 18 | So I've got a hearing I'm doing right now |
| 11:37 | 19 | and so -- |
| 11:37 | 20 | (Off-the-record discussion.) |
| 11:38 | 21 | (Recess taken.) |
| 03:36 | 22 | THE COURT:  I have received Jury Note 5, |
| 03:36 | 23 | which asks:  What exhibit shows ASUSTeK's U.S. profit |
| 03:36 | 24 | for May 2018 to 2020 in U.S. dollars? |
| 03:36 | 25 | Let me start by asking the plaintiff:  Is |

-1212-

03:36  1  there a specific document that shows that?

03:36  2                MR. COLLARD:  There's a specific document

03:36  3  that shows U.S. profit, but I...

03:36  4                THE COURT:  For ASUSTeK?

03:36  5                MR. COLLARD:  Yes.

03:37  6                MR. TAMKIN:  If you just give us one

03:37  7  second, Your Honor, we're just looking up those -- the

03:37  8  document number.

03:37  9                MS. AMSTUTZ:  I believe I know them, but

03:37  10  let me just double-check.

03:39  11                THE COURT:  Is there --

03:39  12                MR. COLLARD:  There is.  It's across four

03:39  13  exhibits, Your Honor.  It's not all in one exhibit.

03:39  14  It's the annual reports, the consolidated financials,

03:39  15  and then the spreadsheet for things specific to this

03:39  16  case.

03:39  17                THE COURT:  It's in those and -- why

03:40  18  don't you come up to the podium, both lawyers come to

03:40  19  the podium so we make sure, please.

03:40  20                So is it in a manner where I could

03:40  21  reference them to exhibits and they would have to find

03:40  22  the information from those exhibits?

03:40  23                MR. COLLARD:  Yes, Your Honor.

03:40  24                THE COURT:  Okay.  And what is the

03:40  25  defendants' position?

-1213-

| | | |
|---|---|---|
| 03:40 | 1 | MR. BURESH:  The annual reports shouldn't |
| 03:40 | 2 | be listed in this exercise.  They are overall company |
| 03:40 | 3 | profits and aren't tied to the accused products.  So |
| 03:40 | 4 | would, in my opinion, overinflate the exercise that the |
| 03:40 | 5 | jury's conducting at this point. |
| 03:40 | 6 | THE COURT:  Did the plaintiff's damages |
| 03:40 | 7 | expert make clear which profits he was relying on in |
| 03:40 | 8 | his testimony?  In other words, did he distinguish |
| 03:40 | 9 | between -- what defense counsel's concerned about is |
| 03:40 | 10 | the global profits of ASUSTeK, right? |
| 03:40 | 11 | MR. COLLARD:  May I have one second? |
| 03:40 | 12 | THE COURT:  Uh-huh. |
| 03:40 | 13 | MR. BURESH:  That is what I'm concerned |
| 03:41 | 14 | about. |
| 03:41 | 15 | MR. COLLARD:  Your Honor, in that case, |
| 03:41 | 16 | the answer is J-18, which was the sales spreadsheet |
| 03:41 | 17 | that was created specifically for this, broken out by |
| 03:41 | 18 | time period, that was the basis of the damages report. |
| 03:41 | 19 | THE COURT:  Did it show what the U.S. |
| 03:41 | 20 | profit was? |
| 03:41 | 21 | MR. COLLARD:  Yes. |
| | 22 | (Brief off-the-record discussion.) |
| 03:41 | 23 | MR. COLLARD:  I think it's the sales. |
| 03:41 | 24 | I'd have to look to know if it's sales or profits, Your |
| 03:41 | 25 | Honor. |

—1214—

```
03:41   1                      THE COURT:  Here's what my sense is, is
03:41   2    the answer is:  There's nothing that provides to them
03:41   3    with specificity -- I mean, you may have --
03:41   4                      MR. COLLARD:  May I check J-18?
03:41   5                      THE COURT:  No, you're welcome to check.
03:41   6    But my sense -- unless you have -- I'm not sure I'm
03:41   7    going to give it, but I'd like to know if there's
03:41   8    something that your expert relied on that showed what
03:41   9    the U.S. profit was.
03:41  10                      Was the U.S. profit not the base that the
03:41  11    damages person worked off of?
03:41  12                      MR. COLLARD:  He didn't work off profit,
03:41  13    Your Honor.  He worked off of --
03:41  14                      THE COURT:  Sales?
03:41  15                      MR. COLLARD:  -- sales revenue.
03:41  16                      THE COURT:  Okay.  Well, if all he talked
03:41  17    about is sales, I'm not going to do that.  So if you
03:42  18    have something that answers their question with respect
03:42  19    to what the profit was, if you'll let me know that.
03:42  20                      MR. COLLARD:  We will check that J-18
03:42  21    right now.
03:42  22                      THE COURT:  And I haven't decided to give
03:42  23    it to them.  I just need to know if there's something.
03:42  24                      MR. COLLARD:  Understood.
       25                      (Brief off-the-record discussion.)
```

| | | |
|---|---|---|
| 03:42 | 1 | MR. COLLARD:  Your Honor, it does have |
| 03:42 | 2 | profit.  It has cost of goods sold and it has revenue, |
| 03:42 | 3 | which would -- used to create profit for that time |
| 03:43 | 4 | period, J-18. |
| 03:43 | 5 | THE COURT:  But does it set forth what |
| 03:43 | 6 | the profit is?  I mean, I get what you're telling me is |
| 03:43 | 7 | it has the information in which they could discern what |
| 03:43 | 8 | the profit is, at least. |
| 03:43 | 9 | MR. COLLARD:  That's what I'm -- yes. |
| 03:43 | 10 | That's what I'm telling you. |
| 03:43 | 11 | THE COURT:  Okay.  Now, what is the |
| 03:43 | 12 | defendants' position with regard to me referencing that |
| 03:43 | 13 | document for the jury? |
| 03:43 | 14 | MR. BURESH:  An additional concern, Your |
| 03:43 | 15 | Honor, is that that is sales -- |
| 03:43 | 16 | THE COURT:  I just need yes or no.  I |
| 03:43 | 17 | mean -- |
| 03:43 | 18 | MR. BURESH:  Well, no.  Because that's |
| 03:43 | 19 | sales information of ACI.  It's not sales information |
| 03:43 | 20 | of ASUSTeK.  So there's that additional problem. |
| 03:43 | 21 | THE COURT:  So now, here's our problem. |
| 03:43 | 22 | Generally speaking.  I have to leave today somewhere |
| 03:43 | 23 | between 4:30 and 4:45.  And the jury's going to have to |
| 03:43 | 24 | leave as well.  We have no judges here besides me. |
| 03:43 | 25 | Now, on Monday, I have court in Austin. |

```
03:43   1    I won't be back.  Judge Gilliland will be here to take
03:44   2    the verdict.  So I'm not going to give this.  I thought
03:44   3    maybe if we had something, it would just speed things
03:44   4    along.  But that's fine.  We don't.
03:44   5            Do you want me to let them know that
03:44   6    they're going home at 4:30 now, or do you want me to
03:44   7    not let them know and around 4:30 tell them they're
03:44   8    going home and coming back Monday?
03:44   9            MR. COLLARD:  We think there's nothing
03:44   10   wrong with letting them know what the plan is.
03:44   11           MR. BURESH:  We agree.
03:44   12           THE COURT:  Okay.  That was what I --
03:44   13           MR. BURESH:  Get us out of here, Judge.
03:44   14           THE COURT:  I've been sitting here too.
03:44   15           (Laughter.)
03:44   16           THE COURT:  This may surprise you, but
03:44   17   I'm not paid by the hour.  And so -- not that that
03:44   18   takes away the pain.  I'm just saying that I'm here,
03:44   19   you know.
03:44   20           Now, I've got these wonderful clerks, the
03:44   21   greatest court reporter in the world, deputy clerk and
03:44   22   all that, and we all just kind of sit in the back and,
03:45   23   you know, sing hymns and do things together to pass the
03:45   24   time, but I'm equally ready to get home, so...
03:45   25           MR. BURESH:  Okay.
```

—1217—

| | | |
|---|---|---|
| 03:45 | 1 | THE COURT:  So I'm going to say:  Ladies |
| 03:45 | 2 | and gentlemen of the jury, you have all the exhibits. |
| 03:45 | 3 | Let me write it down and I'll read it to |
| 03:45 | 4 | you, but that's essentially what I'm going to say. |
| 03:45 | 5 | I'm going to get a stamp that says |
| 03:46 | 6 | essentially this so I don't have to write it. |
| 03:46 | 7 | MR. COLLARD:  Your Honor, before you read |
| 03:46 | 8 | that, do you mind reading the note one more time again |
| 03:46 | 9 | so I can hear it? |
| 03:46 | 10 | THE COURT:  Sure.  What exhibit shows |
| 03:46 | 11 | ASUSTeK's U.S. profits from May 2018 to 2020 in U.S. |
| 03:46 | 12 | dollars? |
| 03:46 | 13 | MR. COLLARD:  Thank you. |
| 03:46 | 14 | THE COURT:  What I'm responding is: |
| 03:46 | 15 | Ladies and gentlemen, you have all of the exhibits |
| 03:46 | 16 | admitted at trial.  Please reference these in your |
| 03:46 | 17 | deliberations. |
| 03:46 | 18 | MR. BURESH:  Fair enough from defendants' |
| 03:46 | 19 | perspective, Your Honor. |
| 03:46 | 20 | MR. COLLARD:  No objection, Your Honor. |
| 03:46 | 21 | (Recess taken.) |
| 04:29 | 22 | THE COURT:  Please remain standing for |
| 04:29 | 23 | the jury. |
| 04:30 | 24 | THE BAILIFF:  All rise. |
| 04:30 | 25 | (Jury entered the courtroom.) |

—1218—

04:30    1                    THE COURT:  Thank you.  You may be

04:30    2    seated.

04:30    3                    Ms. Johnson, it's my understanding you

04:30    4    are the foreperson?

04:30    5                    THE FOREPERSON:  Yes.

04:30    6                    THE COURT:  Do you have a verdict?

04:30    7                    THE FOREPERSON:  Yes.

04:30    8                    THE COURT:  Would you hand it to --

04:30    9                    (Off-the-record discussion.)

04:30   10                    THE COURT:  Okay.  I'm going to ask the

04:30   11    jury to please listen carefully as I read the verdict

04:30   12    because at the end, I'm going to ask each of you to

04:30   13    stand if -- to endorse the verdict if it is your

        14    verdict.

04:31   15                    With respect to Question No. 1:  Did

04:31   16    plaintiff prove by a preponderance of the evidence that

04:31   17    ASGL directly infringed the following asserted claims?

04:31   18                    With respect to '768 patent, Claim 10:

        19    Yes.

04:31   20                    Claim 13:  Yes.

04:31   21                    '359 patent, Claim 19:  Yes.

04:31   22                    With respect to the question:  Did

04:31   23    plaintiff prove by a preponderance of the evidence ACI

04:31   24    directly infringed the following asserted claims?

04:31   25                    With respect to the '768 patent, Claim 10

04:31   1   is yes.

04:31   2              Claim 13 is yes.

04:31   3              The '359 patent, the Claim 19 is yes.

04:31   4              Turning to Page 2.

04:31   5              With regard to Question 2:  Did plaintiff

04:31   6   prove by a preponderance of the evidence that ASUSTeK

04:31   7   induced infringement of the following asserted claims?

04:31   8              With respect to the '768 patent, Claim

04:31   9   10, the answer is no.

04:31   10              With respect to Claim 13, the answer is

04:31   11   no.

04:31   12              With respect to the '359 patent, Claim

04:31   13   19, the answer is no.

04:32   14              Question 2B:  Did plaintiff prove by a

04:32   15   preponderance of the evidence that ASGL induced

04:32   16   infringement of the following asserted claims?

04:32   17              With respect to the '768 patent, the

04:32   18   answer to Claim 10 is no.

04:32   19              Claim 13 is no.

04:32   20              The '359 patent, Claim 19 is no.

04:32   21              With respect to the question on alter

04:32   22   ego, Question No. 3A:  Did plaintiff prove by a

04:32   23   preponderance of the evidence that ASUSTeK is liable

04:32   24   for the actions of ASGL?

04:32   25              The answer is yes.

—1220—

04:32  1         Did plaintiff prove by a preponderance of

04:32  2  the evidence that ASUSTeK is liable for the actions of

04:32  3  ACI?

04:32  4         The answer is yes.

04:32  5         Did plaintiff prove by a preponderance of

04:32  6  the evidence that ASGL is liable for the actions of

04:32  7  ACI?

04:32  8         The answer is yes.

04:32  9         Question No. 4:  Did plaintiff prove by a

04:32 10  preponderance of the evidence that it provided ASUSTeK

04:32 11  notice of the '768 and '359 patents and specific charge

04:33 12  of infringement of the same by a specific product prior

04:33 13  to May 12th, 2020?

04:33 14         The answer is yes.

04:33 15         Question 4B:  Did plaintiff prove by a

04:33 16  preponderance of the evidence that it provided ASGL

04:33 17  notice of the '768 and '359 patents and a specific

04:33 18  charge of infringement of the same by a specific

04:33 19  product prior to May 12th, 2020?

04:33 20         The answer is no.

04:33 21         With regard to invalidity, Question 5:

04:33 22  Did ASUSTeK and ASGL prove by clear and convincing

04:33 23  evidence that the following asserted claims are invalid

04:33 24  because they lack an adequate written description?

04:33 25         With respect to the '768 patent, with

―1221―

04:33    1    respect to both Claims 10 and 13:  No.

04:33    2              With regard to '359, the answer is no.

04:33    3              Question 5B:  Did ASUSTeK and ASGL prove

04:33    4    by clear and convincing evidence the following asserted

04:33    5    claims are invalid because they are not enabled?

04:34    6              With respect to the '768 patent, both

04:34    7    Claim 10 and 13, the answer is no.

04:34    8              With regard to the '359 patent, the

04:34    9    answer is no.

04:34    10             Turning to the damages question.

04:34    11             Question No. 6, 6A:  What amount of

04:34    12    damages do you find that plaintiff has proven by a

04:34    13    preponderance of the evidence would compensate

04:34    14    plaintiff for infringement of the claims that you have

04:34    15    found are infringed and not invalid?

04:34    16             The answer is $17,970,582.

04:34    17             With regard to the question of willful

04:34    18    infringement:  Did plaintiff prove by a preponderance

04:34    19    of the evidence that defendants willfully infringed any

04:34    20    of the following asserted patents?

04:34    21             With regard to the '768 patent, the

04:34    22    answer is no.

04:34    23             With regard to the '359 patent, the

04:34    24    answer is no.

04:34    25             Turning to the final page, it is signed

04:34  1    by Ms. Johnson and dated today's date.

04:34  2                  Ladies and gentlemen of the jury, if you

04:35  3    agree with the verdict as I read it, would you please

04:35  4    stand at this time?

       5                  Thank you.  You may be seated.

04:35  6                  The record will reflect all seven jurors

04:35  7    stood.

04:35  8                  Okay.  First of all, let me thank you all

04:35  9    for your hard work.  Both listening to the evidence, of

04:35  10   course, and also in your deliberations.  The lawyers

04:35  11   and the parties don't get a chance to thank you, so I

04:35  12   will thank you on their behalf.

04:35  13                  I've given you several instructions

04:35  14   during the course of the trial about your conduct.  Let

04:35  15   me go through each of those.

04:35  16                  First, with respect to talking about your

04:35  17   service, you can talk about your service.  It's

04:35  18   America.  With two exceptions.

04:35  19                  One is, you were allowed to see certain

04:35  20   confidential evidence, sales information and other to

04:36  21   help you.  I would ask that you keep anything you heard

04:36  22   that we cleared the courtroom for, I would ask you to

04:36  23   keep that confidential.

04:36  24                  And second, I think I told you before you

04:36  25   began your deliberations, please don't discuss what you

1223

04:36  1    all talked about during your deliberations.  Those

04:36  2    should remain secret from the public.

04:36  3                The parties and their lawyers do not have

04:36  4    the opportunity to speak to you.  And so they won't be

04:36  5    reaching out, but you can speak to anyone else that you

04:36  6    care to about the case.

04:36  7                Number two, doing research.  I can

04:36  8    imagine you can't wait to get home and do research

04:36  9    about the plaintiff or the defendant or the lawyers or

04:36  10   me.  If you look up Bob, he's not yet a Hollywood star,

04:36  11   but you never know.  He may be someday.  But if you

04:36  12   want to do research, knock yourselves out.

04:36  13               Third, if you do use social media,

04:36  14   whatever that is, you're welcome to.  Again, please

04:37  15   don't discuss your deliberations.  Please don't discuss

04:37  16   anything that was confidential.  Other than that, it's

04:37  17   America.  You can post anything that you care to.

04:37  18               So I have one final request, which is I

04:37  19   like to thank the jurors in person after they've

04:37  20   deliberated, and I'm about to do that with you all if

04:37  21   you want to stay.  If you don't want to stay, if you've

04:37  22   had all of us you care to have, you can keep going.

04:37  23   Not wait.  But I would certainly like to thank you in

04:37  24   person.

04:37  25               It will be very brief, but I'd like to

—1224—

04:37   1    thank you in person for being here.  Especially Ms. --

        2    is it Mijares?

        3                    JUROR:  Mijares.

04:37   4                    THE COURT:  Mijares.  Who gets the award

04:37   5    for traveling the furthest each day, back and forth.

04:37   6                    So -- and so if you want to stay, you're

04:37   7    welcome to stay.  If you want to go, you're welcome to

04:37   8    go.  But regardless, thank you on behalf of the lawyers

04:37   9    and their parties.  You are dismissed.

04:37  10                    THE BAILIFF:  All rise.

04:37  11                    (Jury exited the courtroom.)

04:38  12                    THE COURT:  Thank you.  You may be

04:38  13    seated.

04:38  14                    Ladies and gentlemen, thank you.  I

04:38  15    thought the parties did a great job for their clients.

04:38  16    The lawyers did a great job for their clients

04:38  17    throughout the week.

04:38  18                    We will take up any post trial motions in

04:38  19    due course, but I want to thank you all for being here.

04:38  20    I'm glad that they resolved it today and not Monday.

04:38  21                    And is there anything we need to take up?

04:38  22                    MR. BURESH:  Not for defendants, Your

04:38  23    Honor.

04:38  24                    MR. COLLARD:  Not for the plaintiffs.

04:38  25                    THE COURT:  Thank you for being here.  I

04:38   1   hope your clients have a safe trip home.  And I'm not

04:39   2   sure where plaintiff lives.  I hope he has a safe trip

04:39   3   home as well.

04:39   4                   So have a good weekend.

04:39   5                   (Hearing adjourned.)

1   UNITED STATES DISTRICT COURT )

2   WESTERN DISTRICT OF TEXAS      )

3

4

5               I, Kristie M. Davis, Official Court

6   Reporter for the United States District Court, Western

7   District of Texas, do certify that the foregoing is a

8   correct transcript from the record of proceedings in

9   the above-entitled matter.

10              I certify that the transcript fees and

11  format comply with those prescribed by the Court and

12  Judicial Conference of the United States.

13              Certified to by me this 7th day of April

14  2024.

15

16              */s/ Kristie M. Davis*
                KRISTIE M. DAVIS
17              Official Court Reporter
                800 Franklin Avenue
18              Waco, Texas 76701
                (254) 340-6114
19              kmdaviscsr@yahoo.com

20

21

22

23

24

25

04:39